UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAVID CINTRON,

                              Plaintiff,

                                                                      9:15-CV-0542

v.

                                                                        (BKS/TWD)

GARY GETTMAN, et. al.,

                              Defendants.
_____

APPEARANCES:                                     OF COUNSEL:

DAVID CINTRON
Plaintiff *pro se*
1010 E. 178th Street
Apt 8-C
Bronx, NY 10460-2973

HON. ERIC T. SCHNEIDERMAN            RACHEL M. KISH, ESQ.
Attorney General for the State of New York    Assistant Attorney General
Counsel for the Defendants
The Capitol
Albany, New York 12224

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

      This *pro se* civil rights action, commenced by Plaintiff David Cintron pursuant to 42 U.S.C. § 1983, has been referred to me for Report and Recommendation by the Honorable Glenn T. Suddaby, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b) and N.D.N.Y. L.R. 72.3. Plaintiff claims that while he was in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") and confined at Upstate Correctional Facility ("Upstate C.F."), Defendants Gary Gettman ("Gettman"), Joshua J. Whitford

("Whitford"), Smith, Timothy Ramsdell ("Ramsdell"), and Chris DeMers ("DeMers") violated his Eighth Amendments rights and Defendant L. LaBarge ("LaBarge") violated his First Amendment rights. (*See generally* Dkt. No. 14.) Plaintiff seeks compensatory and punitive damages. *Id.* at 12.

Currently pending before the Court is Defendants' motion pursuant to Federal Rule of Civil Procedure 37 to dismiss the action as a sanction for Plaintiff's failure to attend his scheduled depositions. (Dkt. No. 33.) In the alternative, Defendants move pursuant to Federal Rule of Civil Procedure 41 to dismiss the action for failure to prosecute. *Id*. Plaintiff has not opposed the motion. For the reasons that follow, I recommend that the Court dismiss this action.

## I. FACTUAL BACKGROUND

In this action, Plaintiff Cintron claims that Defendant LaBarge contaminated his food in retaliation for grievances that plaintiff filed against him. (Dkt. No. 14 at 6-7.) Plaintiff also alleges that Defendants Gettman, Whitford, Smith, Ramsdell, and DeMers assaulted him and refused to provide medical treatment. *Id*. at 7-8.

On March 23, 2016, the Court issued a Mandatory Pretrial Discovery and Scheduling Order. (Dkt. No. 27.) In that order, the Court granted Defendants leave to take Plaintiff's deposition. *Id*. at 4. The order stated that:

> Defense counsel shall provide plaintiff[ ] with notice of the date of the deposition in the form provided in Rule 30(b)(1) and such notice shall be deemed sufficient if the notice is mailed to plaintiff[ ] at least fifteen (15) days prior to the scheduled date for the deposition. The deposition may not commence until at least fifteen (15) days after defense counsel has filed a notice of compliance with [mandatory discovery].

*Id.* at 4–5.

On June 23, 2016, defense counsel filed a notice of compliance with mandatory discovery. (Dkt. No. 28.) On June 24, 2016, Defendants served a notice of deposition on Plaintiff. (Dkt. No. 33-3.) The notice of deposition was served on Plaintiff at 1010 E. 178th Street, Apt. 8-C, Bronx, New York 10460-2973.[1] *Id*. at 2. Plaintiff's deposition was scheduled for August 16, 2016, at the Attorney General's Office in Albany, New York. *Id*. Plaintiff did not appear for his deposition and did not contact Defendants' counsel to advise that he would not appear. (Dkt. No. 29.) On September 14, 2016, the Court issued an Order directing Defendants to reschedule Plaintiff's deposition on proper notice. (Dkt. No. 30.) The Court instructed Plaintiff to attend the deposition and cautioned that his failure to appear may result in the dismissal of the action for failure to prosecute, and failure to follow court directives. *Id*. On September 14, 2016, Defendants served a notice of deposition on Plaintiff. (Dkt. No. 33-4.) The notice of deposition was served on Plaintiff at 1010 E. 178th Street, Apt. 8-C, Bronx, New York 10460-2973. *Id*. Plaintiff's deposition was rescheduled for October 7, 2016, at the Attorney

---

[1] In a Decision and Order filed on October 29, 2015, the Court listed Plaintiff's address as Southport Correctional Facility but noted:

> According to the New York State Department of Corrections and Community Supervision website, plaintiff was released to parole supervision on October 9, 2015. *See* http://nysdoccslookup.doccs.ny.gov/ (information for inmate David Cintron, DIN 08-A-4014) (last visited October 29, 2015). Plaintiff has not provided the Clerk of the Court with an updated address.

Dkt. No. 13 at 1, n. 1.

On November 2, 2015, the Clerk of the Court amended the docket report in this action to update Plaintiff's address to 1010 East 178th Street, Apt 8-C, Bronx, NY 10460-2973. *See Cintron v. Gettman, et. al.*, No. 15-CV-0542, Docket Report, Minute Entry dated November 2, 2015. The amendment was based upon a Notice of Change of Address filed by Plaintiff in another case pending in this district. *See Cintron v. Weissman*, No. 9:14-CV-0116 (TJM/DEP), Docket No. 105 (N.D.N.Y. October 30, 2015).

On November 13, 2015, mail addressed to Plaintiff at Southport Correctional Facility was returned to the Court as "undeliverable." *See Cintron v. Gettman*, Docket No. 16. On February 4, 2016, the Court received a letter from Plaintiff with the return address listed as 1010 East 78th Street, Apt 8-C, Bronx, NY 10460. *Id.*, Docket No. 19.

General's office in Albany, New York. *Id*. Plaintiff did not appear for the deposition and did not contact defense counsel. (Dkt. No. 31.)

On October 12, 2016, the Court issued an Order granting Defendants leave to file a motion to dismiss. (Dkt. No. 32.) On October 17, 2016, Defendants filed the motion to dismiss. (Dkt. No. 33.) On October 18, 2016, the Court advised Plaintiff that any response to the motion should be filed on or before November 14, 2016. (Dkt. No. 34.) Plaintiff has not opposed the motion.

## II. APPLICABLE LEGAL STANDARDS

Defendants move under Federal Rule of Civil Procedure 37(b) to dismiss the complaint as a sanction for Plaintiff's failure to appear at his properly noticed deposition. (Dkt. No. 33.) Under Rule 37(b), if:

> a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include the following: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed.R.Civ.P. 37(b)(2)(A). Further, "[i]nstead of or in addition to the orders above, the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(b)(2)(C).

4

A court may consider several factors when considering a motion to dismiss for failure to comply with discovery. *S. New England Tel. Co. v. Global NAPs*, Inc., 624 F.3d 123, 144 (2d Cir. 2010). Those factors are: (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the duration of the period of noncompliance; (3) whether the non-compliant party had been warned of the consequences of noncompliance; and (4) the efficacy of lesser sanctions. *Id*. Sanctions may be imposed against a pro se litigant "so long as a warning has been given that noncompliance can result" in a sanction. *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994).

In the alternative, Defendants move for dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure. Rule 41 provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed.R.Civ.P. 41(b). The term "these rules" in Rule 41(b) is construed to mean not only the Federal Rules of Civil Procedure but the local rules of practice for a district court. *See Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006). Even in the absence of a motion, federal district courts have the inherent power to dismiss a case sua sponte pursuant to Rule 41(b). *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–32 (1962). The appropriateness of dismissing an action pursuant to Rule 41(b) is determined in light of five factors:

> (1) the duration of the plaintiff's failure to comply with the court order [or the court's procedural rules], (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citations omitted).

## III. ANALYSIS

Defendants move for dismissal arguing that Plaintiff has, on two occasions, failed to appear for a deposition and has refused to comply with Court orders. (Dkt. No. 33 at 6.) Moreover, Defendants argue that plaintiff has consistently delayed the litigation and thus, plaintiff's complaint should be dismissed due to his failure to prosecute. *Id.* at 7.

With respect to Defendants' Rule 37 motion, regarding the first factor, "[n]on-compliance may be deemed willful when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control. In addition, a party's persistent refusal to comply with a discovery order presents sufficient evidence of willfulness, bad faith or fault." *Handwerker v. AT & T Corp.*, 211 F.R.D. 203, 209 (S.D.N.Y. 2002) (citations omitted). Here, the Court's orders were clear. There is no indication that Plaintiff did not understand the orders. Plaintiff has not advised the Court that his failures to appear for his scheduled depositions were due to factors beyond his control. As discussed in the Factual Background Section, *supra*, there had been confusion regarding Plaintiff's address. Despite the initial confusion, Plaintiff mailed correspondence to the Court in February 2016 from the address listed on the docket report and notice of deposition. Thus, it cannot be said that Plaintiff did not receive the notices of deposition. Accordingly, I find that Plaintiff's failure to appear at his deposition was willful. Therefore, this factor weighs in favor of dismissal.

Regarding the second factor, the duration of Plaintiff's noncompliance is lengthy. *See Handwerker*, 211 F.R.D. at 210 (finding that failure to provide discovery or respond to proposed dates for deposition for "over nine months" weighed in favor of dismissal); *see also Colella v.*

*New York City Transit Auth*., No. 12 Civ. 6041, 2015 WL 906168, at * 3 (S.D.N.Y. March 3, 2015) (finding a three to four month period of noncompliance with discovery demands to be sufficiently lengthy). Here, Plaintiff has been noncompliant since August 16, 2016. Over eight months of noncompliance is lengthy. Thus, the second factor weighs in favor of dismissal.

Regarding the third factor, the Court advised Plaintiff of his duty to appear at his deposition. On September 14, 2016, the Court stated that Plaintiff's failure to appear at his deposition may result in sanctions which may include a recommendation to dismiss the case for failure to provide discovery and for failure to prosecute. (Dkt. No. 30.) Therefore, this factor weighs in favor of dismissal.

Regarding the fourth factor, the Court has not previously imposed lesser sanctions. Namely, this Court has not issued an order requiring Plaintiff's appearance at a deposition on a specific date and time, nor has this Court ordered Plaintiff to reimburse Defendants for any costs that may have been incurred for failing to appear at his deposition. In fact, Defendants do not argue that they incurred the costs of the deposition due to Plaintiff's failure to appear. At the time this action was commenced, Plaintiff was an incarcerated inmate who was granted in forma pauperis status. Accordingly, a financial sanction is not warranted. *See Davidson v. Dean*, 204 F.R.D. 251, 256 (S.D.N.Y. 2001) (holding that uncollectible financial sanctions imposed upon an inmate are meaningless). Moreover, Plaintiff has not taken any action in furtherance of his litigation for over fifteen months.[2] Accordingly, any lesser sanction or Court order with preclusive sanctions would be inconsequential. *See Sease v. Doe*, No. 04 CIV. 5569, 2006 WL

---

[2] The last correspondence received from Plaintiff was a letter with six copies of the complaint and forms for service dated February 4, 2016. (Dkt. No. 19.)

3210032, at *5 (S.D.N.Y. Nov. 6, 2006) (finding preclusive sanctions "useless since plaintiff is plainly no longer interested in the lawsuit").

Dismissal of this action is also warranted pursuant to Rule 41. In considering the duration of Plaintiff's failure to prosecute his claims, the Court notes that Local Rule 41.2(a) of the Northern District states that "the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." N.D.N.Y.L.R. 41.2(a). As discussed supra, plaintiff has not taken any action in this litigation in fifteen months. Despite prodding from the Court, Plaintiff has not followed the Court's directives. Moreover, Plaintiff did not respond to the motion to dismiss.

Because Plaintiff has abandoned his case, the Court's need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this case. As discussed *supra*, the Court has considered less drastic sanctions and finds that none is appropriate. Weighing the factors with the special solicitude that must be granted to pro se litigants, dismissal is warranted in this case. Therefore, I recommend that the Court grant Defendants' motion to dismiss without prejudice.

**ACCORDINGLY**, it is

**RECOMMENDED** that the Court **<u>GRANT</u>** Defendants' motion to dismiss (Dkt. No. 33) without prejudice.

**ORDERED** that the Clerk provide Plaintiff with copies of *Colella v. New York City Transit Auth.*, No. 12 Civ. 6041, 2015 WL 906168, at * 3 (S.D.N.Y. March 3, 2015); and *Sease v. Doe*, No. 04 CIV. 5569, 2006 WL 3210032, at *5 (S.D.N.Y. Nov. 6, 2006); and it is further

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.³ Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs* ., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)); 28 U.S.C. § 636(b) (1) (Supp.2013); Fed.R.Civ.P. 72, 6(a).

Dated: May 1, 2017
Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

³ If you are proceeding pro se and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. 6(a)(1)(C).